# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI, | 1:11-CV-01072 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| J. CAVAZOS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On June 29, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court. She claims she was wrongfully issued a "CDC-128A" counseling chrono for failing to report in response to a priority ducat issued by the Department of Mental Health Services. She asks that the counseling chrono be expunged from her files. It appears from the petition and documents attached that she has exhausted her state court remedies.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3  dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th
4  Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it
5  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,
6  440 F.2d 13, 14 (9th Cir. 1971).

7  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show
8  that "[s]he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus
9  petition is the correct method for a prisoner to challenge the "legality or duration" of her
10 confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411
11 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254
12 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a
13 prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-
14 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1
15 of the Rules Governing Section 2254 Cases.

16 The instant petition fails to present a cognizable federal claim.  Petitioner complains that she
17 was unlawfully issued a CDC 128A counseling chrono.  The documents attached to her petition
18 show that although she was counseled for her failure to report, she did not sustain any penalties
19 affecting the duration of her confinement.  Since the counseling chrono had no effect on the length or
20 duration of confinement, her claims are not cognizable in a federal habeas action and must be
21 dismissed.  Petitioner also complains that the counseling chrono will affect a future parole decision.
22 However, this claim is pure speculation.  There is no evidence that the counseling chrono will
23 directly affect a grant or denial of parole in any way.  The instant petition fails to state a cognizable
24 claim for relief.

**RECOMMENDATION**

26 Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for
27 failure to state a claim.

28 This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 23, 2011                        /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE